MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:  MATTHEW L. SCHWARTZ
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EHAB SAID,

                Plaintiff,

            - against -

EMILIO T. GONZALES, DIRECTOR, USCIS
Thru ANDREA QUARANTILLO, District
Director, U.S. Citizenship and Immigration
Services, New York City District Office;
ROBERT MUELLER, Director, Federal Bureau
of Investigation, Thru Asst. Director MARK J.
MERSHON For New York; ALBERTO
GONZALES, Attorney General, Department
of Justice,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANSWER**

Filed Electronically

No. 07 Civ. 6237 (GEL) (AJP)

       Defendants Emilio T. Gonzales, Andrea Quarantillo, Robert Mueller, Mark J. Mershon, and Alberto Gonzales (collectively, the "Government"), by their attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answer the complaint on information and belief as follows:

1.     Neither admits nor denies the allegations in paragraph 1 of the complaint because they constitute plaintiff's characterization of this action.

2.     Neither admits nor denies the allegations in paragraph 2 of the complaint

because they constitute statements of jurisdiction and conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

3. Neither admits nor denies the allegations in paragraph 3 of the complaint because they constitute statements of venue and conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint, except admits that plaintiff Ehab Said filed an application N400 for naturalization as a United States citizen on or about June 1, 2003.

5. Denies the allegations in paragraph 5 of the complaint, except admits that defendant Andrea Quarantillo is the District Director for the New York District of the United States Citizenship and Immigration Service ("CIS").

6. Denies the allegations in paragraph 6 of the complaint, except admits that defendant Mark J. Mershon is the Assistant Director-in-Charge of the New York Field Office of the Federal Bureau of Investigation ("FBI"). The Government further admits that the FBI is the agency responsible for performing background and security checks for naturalization applicants.

7. Denies the allegations in paragraph 7 of the complaint, except admits that plaintiff Ehab Said filed an application N400 for naturalization as a United States citizen on or about June 1, 2003. The Government further admits that

plaintiff was interviewed by officer of the Immigration and Naturalization Service ("INS"), a predecessor agency to CIS, on or about June 3, 2004, and that plaintiff passed the English language and U.S. history and government tests.

8. Denies the allegations in paragraph 8 of the complaint.

9. Neither admits nor denies the allegations in paragraph 9 of the complaint because they constitute statements and conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

10. Denies the allegations in paragraph 10 of the complaint, and respectfully refers the Court to exhibits 3-6, attached to the complaint.

11. Denies the allegations in paragraph 11 of the complaint, and respectfully refers the Court to exhibits 4-6, attached to the complaint. The Government admits, however, that the FBI background and security checks of plaintiff are ongoing.

12. Denies the allegations in paragraph 12 of the complaint.

13. Neither admits nor denies the allegations in paragraph 13 of the complaint because they constitute statements and conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph, and respectfully refers the Court to 8 U.S.C. § 1445, *et seq*.

14. Neither admits nor denies the allegations in paragraph 14 of the complaint

because they constitute statements and conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph, and respectfully refers the Court to 8 C.F.R. § 335.2.

15. Neither admits nor denies the allegations in paragraph 15 of the complaint because they constitute statements and conclusions of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph, and respectfully refers the Court to 8 C.F.R. § 335.3

16. Responds to the allegations in paragraph 16 of the complaint by realleging each and every answer and response contained in paragraphs numbered 1 through 15 as if fully set forth herein at length.

17. Denies the allegations in paragraph 17 of the complaint.

18. Denies the allegations in paragraph 18 of the complaint.

19. Denies the allegations in paragraph 19 of the complaint.

20. Denies the allegations in paragraph 20 of the complaint, except admits that the CIS office located in Newark, New Jersey, issued a notice in January 2005 entitled "FBI Name Check Expedite Criteria" that identified a pending federal court mandamus petition as one of several criteria that could trigger a request for expedited processing of FBI name checks. The Government further avers, however, that in a statement released on or about February 20, 2007, entitled "USCIS Clarifies Criteria to Expedite FBI Name Check," CIS

announced that it "is no longer routinely requesting the FBI to expedite a name check when the only reason for the request is that a mandamus petition (or other federal court petition) is filed in the case."

21. The last, unnumbered paragraph in the complaint, including numbered subparagraphs 1 and 2, contains plaintiff's prayer for relief, to which no response is required.

### FIRST DEFENSE

22. The Complaint fails to state a claim upon which relief can be granted

### SECOND DEFENSE

23. The Court lacks subject matter jurisdiction over this action.

### THIRD DEFENSE

24. Plaintiff has failed to exhaust his administrative remedies.

### FOURTH DEFENSE

25. Plaintiff has failed to show that he is owed any peremptory duty that defendants have refused to perform.

### FIFTH DEFENSE

26. Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

### SIXTH DEFENSE

27. Plaintiff's claims are unripe for review.

### SEVENTH DEFENSE

28. Any delay in the adjudication of plaintiff's naturalization application is

attributable to plaintiff's own actions.

## EIGHTH DEFENSE

29. Plaintiff is not statutorily eligible for naturalization until CIS has completed its examination of plaintiff, including an investigation into plaintiff's background by the FBI.

WHEREFORE, the Government demands judgment dismissing the complaint with prejudice

Dated:   New York, New York
         September 6, 2007

>                    MICHAEL J. GARCIA
>                    United States Attorney
>                    Attorney for Defendants
>
> By:   /s/ Matthew L. Schwartz
>       MATTHEW L. SCHWARTZ
>       Assistant United States Attorney
>       Telephone: (212) 637-1945
>       Facsimile:  (212) 637-2750

TO:   Richard A. Burke, Esq.
      Law Office of Richard A. Burke
      350 Fifth Avenue, Suite 1830
      New York, New York 10118